## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
## DISTRICT OF TENNESSEE, AT WINCHESTER

FILED

SEP 16 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

**TARA VANHOOSER**            )
    **Plaintiff**            )
               )
**VERSUS**            )    **CASE NO:**
*Grundy County, Municipal unit)*  **JURY DEMANDED**
**GRUNDY COUNTY SHERIFF**            )
**DEPARTMENT, TENNESSEE, ET AL.,** )   *4:22-cv-44*
    **Defendants**            )      *CLC/CHS*

## COMPLAINT

*Grundy County, Municipal unit, and*
**GRUNDY COUNTY SHERIFF DEPARTMENT**

       **CLINT SHRUM, individually and in his capacity as Sheriff of GCSD,**

       **T. J. BEAN, individually and in his capacity as a deputy with GCSD,**

       **AVERY MCGINNESS, individually and in his capacity as a deputy with GSCD,**

       **LARRY SIMS, individually and in his capacity as deputy with GCSD,**

       **JOSH KING, individually and in his capacity as a deputy with GCSD.**

## GRUNDY COUNTY MAYOR

       **MICHAEL BRADY, individually and in his capacity as Mayor of Grundy County.**

Tara VanHooser
P.O. Box 360
Altamont, Tn 37301
931-235-9392
Tarav_1@yahoo.com

## BACKGROUND

Plaintiff Tara VanHooser is a former Tennessee Department of Corrections ("TDOC") probation officer. Employed for nearly 8 years with no reprimands. VanHooser was granted Family Medical Leave of Absence on or around May 2019. Due to medical restrictions she had to obtain a Fit for Duty from medical provider prior to returning to her Official Employment of Supervising TDOC Felony Offenders, which she did not obtain till about September 2019. At all material times relevant to this case Plaintiff was relieved of her Official Duties.

VanHooser and Landon Butcher, an individual on misdemeanor supervision, for a DUI, whom was supervised by South Eastern Tennessee Human Resource Agency (SETHRA) a private company and never under the authority of TDOC, were in a consensual relationship. On July 23, 2019, Plaintiff and Butcher were parties to a "welfare check" that turned "domestic" on VanHooser's secondary property to which Butcher was currently staying.

Said property was not by means of law a "Half-way House nor Sober Living." Nor was the property attached to TDOC or governmental funding. VanHooser aspired to establish a "Non-Profit Rehab facility" within the preceding 3-5 years at the property but had not. Officers for the Grundy County Sheriff's Office responded and arrested Butcher due to him assaulting VanHooser. Butcher later pled to Domestic Assault with Bodily Injuries around January 2020. Butcher and Plaintiff both admitted to consensual relationship. The initiating allegation "On the way to the jail Mr. Butcher made a comment that him and Ms. VanHooser had been engaging in a sexual relationship and had been for past few months." This statement as reported was made on their way to jail and between GSCD Deputy TJ Bean, Landon Butcher and Bean's body camera which shows Butcher being coerced and sheds light on the events of fabrication of false statements among the GCSD Defendants' fraudulent acts contained within their supplemental

reports which based on false statements. Which lead to Plaintiff's injuries produced through acts that violated her constitutional rights and protections as Defendants manufactured false prosecution of Plaintiff upon her being arrested for Official Misconduct which is detailed below.

## COMPLAINT

1. Plaintiff is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their constitutional rights.

2. Tennessee's saving statue permits a plaintiff to revive a voluntarily dismissed claim from Case No. 4:20-cv-50 to which previous claim against defendants was dismissed on 09/10/2021 within one year of a non-merits dismissal. The saving statute is intended "to aid the courts in administering fairly between litigants without binding them to minor and technical mistakes made by their counsel (unknown).

3. Further, this Court has jurisdiction over this case, pursuant to 28 USC §§ 1331 and 1343.

4. All of the causes of action to be set forth herein are so related to the claims within the original jurisdiction of this Court so as to form part of the same case or controversy. This Court has pendent jurisdiction over the defendants for their violations of Tennessee common law, pursuant to 28 USC § 1367.

5. Finally, as the most substantial part of the occurrences giving rise to the claims to be set forth arose in Grundy County, Tennessee, pursuant to 28 USC § 1391 (b) (2), venue is proper in this judicial district, and in this division of this district.

6. Plaintiff is a citizen and resident of Grundy County, Tennessee.

7. Defendant, Grundy County, Tennessee, is a political subdivision of the state of Tennessee, one of Tennessee's 95 counties, organized pursuant to the statues and Constitution of the State of

3

Tennessee. This defendant acts by and through its agents and elected officials, including those named within and are responsible for actions taken in an official capacity.

8. As citizens of Grundy County, Tennessee, and all Defendants were well aware of re-peated constitutional violations due to lack of policy or customs resulting in "inherently deficient nature of police administrative procedures involving the discovery of officer misconduct," occurring within Grundy County especially the Grundy County Sheriff's Office. Grundy County, Mayor Michael Brady, Grundy County Sheriff Office, then Sheriff Clint Shrum along with all the listed Defendants should have known that allowing such dangerous propensities created a threat to the rights and safety of citizens," and Plaintiff.

9. At all times relevant Plaintiff was relieved of her Official Duties as she was granted Family Medical Leave of Absence.

10. Defendant, Grundy County, Tn municipality organized pursuant to statue to maintain and protect not violate constitutional rights of Plaintiff and Citizens throughout Grundy County detailed below.

11. Defendant, Grundy County Sheriff Department, is a municipality of its co-defendant, organized pursuant to statue to carry out law enforcement duties to protect and preserve Plaintiff and citizen's constitutional rights throughout Grundy County. Sheriff Department charged Plaintiff under her full legal name then forwarded to TBI for statewide distribution despite charging instrument being in Plaintiff's Maiden name. Other acts detailed below.

12. Defendant, Michael Brady, is a citizen and resident of Grundy County, Tennessee, and, at all material times hereto, as the Mayor of Grundy County, maintain and protect according to statue and constitutional rights of Plaintiff and Citizens throughout Grundy County as he had and still

4

has direct responsibility over all of his employees including those within the Grundy County Sheriff's Department.

13. Defendant, Clint Shrum is a citizen and resident of Grundy County Tennessee and at all material times herein, was duly elected Sheriff of Grundy County. In this elected capacity, he had responsibility to ensure safety of Plaintiff and all citizens within Grundy County and to uphold protection of Constitutional rights. Clint Shrum participated in Plaintiff's seizure, search and prosecution through unconstitutional customs.

14. Defendant, TJ Bean, is a citizens and resident of Grundy County Tennessee and at all material times herein, he was a deputy sheriff of Grundy County, with responsibility for maintaining constitutional rights and protections due when establishing probable cause, initiating prosecution, taken of statements accurately, write reports/affidavits honorably and truthfully, complete investigation of criminal behavior, arrest of suspected criminals and assist in the prosecution of criminals, but only when true probable cause/evidence knowingly existed to do so not upon fraudulent procured evidence which violated Plaintiff's constitutional rights to be free from fraudulent arrest or interference of government which resulted in Plaintiff's injury. Bean was Federally indicted and arrested himself within hours of initiating these unconstitutional acts of conspiring with defendants to manufacturing evidence to create said narrative against plaintiff to wrongfully prosecute, arrest and deprive her of rights guaranteed by the constitution.

Department of Justice-Office of Public Affairs-For Immediate Release

Wed., July 24, 2019

<u>Two Grundy County, Tennessee Sheriff's Officers Charged with Federal Civil Rights Offenses.</u>

"Chief Deputy Anthony "Tony" Bean, 59, and Sergeant Anthony "T.J." Bean, 29, of Grundy County Sheriff's Office were indited today by a federal grand jury in Chattanooga, Tennessee, for using excessive force against arrestees, announced Assistant

5

Attorney General Eric Dreiband of the Department of Justice's Civil Rights Division,

U.S. Attorney for the Eastern District of Tennessee J. Douglas Overbey, and FBI-

Knoxville Special Agent in Charge Troy A. Sowers." <u>See Exhibit 4.</u>

15. Defendant Avery McGinness, is a citizen and resident of Grundy County, Tennessee. At all

material times herein, he was deputy sheriff for Grundy County, and participated in initiating

unconstitutional acts to manufacturing evidence to create said narrative against plaintiff to

wrongfully prosecute, arrest and deprive her of rights guaranteed by the constitution resulting in

Plaintiff's injury.

16. Defendant Larry Sims, is a citizen and resident of Grundy County, Tennessee. At all material

times herein, he was deputy sheriff for Grundy County, and participated in initiating

unconstitutional acts of conspiring with defendants to manufacturing false evidence to create said

narrative against plaintiff to wrongfully prosecute, arrest and deprive her of rights guaranteed by

the constitution.

17. Defendant Josh King, is a citizen and resident of Grundy County, Tennessee. At all material

times herein, he was deputy sheriff for Grundy County, and participated in initiating

unconstitutional acts of collaborating with defendants to manufacturing fraudulent evidence to

create said narrative against plaintiff to wrongfully prosecute, arrest and deprive her of rights

guaranteed by the constitution.

18. The Fourth Amendment is important because it protects American citizens from unreasonable

search and seizure by the government, which includes police officers. <u>It sets the legal standard</u>

that police officers must have probable cause and acquire a warrant before conducting a search.

In this case, the plaintiff alleges the defendant deprived her of her rights under the Fourteenth

6

Amendment to the Constitution as the Defendants fabricated evidence unconstitutional along with other acts listed within.

19. The Fourteenth Amendment's Due Process Clause and 1983 provides: "Nor shall any state deprive any person of life, liberty, or property, without due process of law." the Due Process Clause is violated if an Officer knowingly uses perjured false coerced testimony or deliberately suppresses evidence favorable to the accused." It is now clear that the Fourteenth Amendment's Due Process Clause 'forbids the state from depriving a person of liberty… based on manufactured evidence (McCullough v Hanley, 2018 WL 3496093, at *10 (N.D. Ill.2018).

20. The premises to this Complaint, that each defendant individually through their official ability at all material times hereto, participated by presenting manufactured statements within each written report initiating unconstitutional acts of conspiring with other defendants to manufacturing false evidence to create said narrative against plaintiff to arrest, wrongfully prosecute, and deprive (injuring) her of rights guaranteed by the constitution. While Grundy County, Mayor Michael Brady, Grundy County Sheriff Department and then Sheriff Clint Shrum allowed inherently deficient nature of police administrative procedures to ensure Plaintiff and citizens constitutional rights and protection from coercion, fraudulent manufacture testimony/statements and false arrest all unconstitutional governmental interference. Or failed to prevent these unconstitutional patterns of law enforcement tactics to occur to plaintiff as well as to the people of Grundy County due to failure of proper oversight concerning policies/customs. This cause of action is responsive to governmental abuses and governmental ineptitude by each of the Defendants to manufacturing statements/reports that was either false, and/or submitted with reckless disregard for the truth as to material facts which led to a presentment being wrongfully issued against plaintiff violating her constitutional right.

7

21. On or about November 12, 2019, the original presentments was issued against plaintiff.

The Grand Jurors of Grundy County, Tennessee, duly impaneled and sworn upon their oath,

present that No. 6281:

Count 1: Official Misconduct TCA 39-14-402 (a)(1)

"Tara VanHooser during July of 2019 in Grundy County, Tennessee, and before the

finding of this Indictment, while in the capacity as a Grundy County probation officer did

unlawfully and knowingly with the intent to obtain a benefit, to wit: sexual relations,

commit an act related to her employment that constituted an unauthorized exercise of

official power, by trying to get him incarcerated--- and using these powers to gain sexual

benefits, in violation of TCA 39-16-402 (a)(1), all of which is against the peace and

dignity of the State of Tennessee." See Exhibit 23.


Count 2: Official Misconduct TCA 39-14-402 (a)(5)

"Tara VanHooser during of 2019 in Grundy County, Tennessee, and before the finding of

this Indictment, while in the capacity as a Grundy County probation officer did

unlawfully and knowingly with the intent to obtain a benefit, to wit: sexual relations,

commit an act related to her employment that constituted an unauthorized exercise of

official power, by trying to get him incarcerated--- and using these powers to gain sexual

benefits, in violation of TCA 39-16-402 (a)(5), all of which is against the peace and

dignity of the State of Tennessee."

[No evidence that would suggest that Plaintiff "tried to get him incarcerated.] See Ex. 22 .

8

22. On or about March 05, 2020, four months later the superseding presentments was issued against

plaintiff. The Grand Jurors of Grundy County, Tennessee, duly impaneled and sworn upon their

oath, present that No. 6281:

Count 1: Official Misconduct TCA 39-14-402 (a)(1)

"Tara VanHooser who was a public servant from 1st day of Jan 2019 through March 1,

2020 _____ County, Tennessee, and before the finding of this Indictment, did

unlawfully and knowingly with the intent to obtain a benefit for herself, to wit: sexual

gratification from Landon Butcher, did communicate to him, her authority to influence

whether Landon Butcher's probation was violated and this did cause Landon Butcher to

have sexual relations with her, and said conduct was an unauthorized exercise of official

power. This conduct did occur over a time period from 1st day Jang, 2019 through March

1, 2020 in violation of TCA 39-16-402 (a)(1), all of which is against the peace and

dignity of the State of Tennessee."

[Plaintiff at no time communicated to him and statement is not found alleged within

criminal discovery. Plaintiff was fired 11/2019].See Exhibit 25.


Count 2: Official Misconduct TCA 39-14-402 (a)(1)

"Tara VanHooser who was a public servant from 1st day of Jan 2019 through March 1,

2020, and before the finding of this Indictment, did unlawfully and knowingly with the

intent to harm another, to wit: Landon Butcher, knowingly communicate to his probation

officer that he should be violated from his probation because of his failure to continue in

a sexual relationship with her, and said conduct being an unauthorized exercise of official

power. This conduct did occur over a time period from 1st day Jang, 2019 through March

1, 2020 in violation of TCA 39-16-402 (a)(1), all of which is against the peace and

dignity of the State of Tennessee." See Exhibit 26.

23. On or about October 30, 2020, plaintiff's criminal prosecution against her, Grundy County

Circuit Court case number 6281, styled State of Tennessee vs. Tara VanHooser, was dismissed

in her favor by the entry of an order of dismissal without prejudice. This dismissal required no

conditions from plaintiff for case to be dismissed. See Exhibit 30.

24. At no time was plaintiff employed as a COUNTY probation officer as reported in the

presentment. Plaintiff was employed by Tennessee Department of Corrections. See Ex 22-26.

25. Plaintiff and Landon Butcher were authorized by law to consensual relations.

26. There is absolutely no law known to Plaintiff that related to Plaintiff's employment that restricts

or has ever prevented employee from engaging in consensual activities with any Non- TDOC

offender.

27. TCA 40-28-605 Parole and Probation Officers- Powers and duties:

"The duties of probation and parole officers shall be to...pursuant to TCA 40-25-

501(a)(3) and **assigned to them for supervision.**

TCA 40-25-501(a)(3) [(3) Notwithstanding any other provision of law, inmates

with felony sentences of two (2) years or less shall have the remainder of their

original sentence suspended upon reaching their release eligibility date....] See

Exhibit 3.

28. Each defendant was fully aware and held knowledge that Plaintiff's consensual activities were

fully legal, and did not violate state law, TDOC policy or TCA § 39-16-402.

29. On or about November 12, 2019, plaintiff was arrested and incarcerated pending $7,500 bond

based upon the Defendants' fraudulently manufactured statements and evidence given in reports

to all other Defendants and unlisted agencies that was obtained by threatening coercive means just to obtain unlawful presentment against plaintiff in order to deprive her of her constitutional rights to freedom from fraudulent arrest.

30. This illegal procured arrest caused plaintiff to endure loss of reputation, loss of consortium, extreme emotional mental distress that still requires treatment, humiliation, mental anguish, and contributed to her firing by co-defendant, Tennessee Department of Probation and Parole, as the arrest was published statewide.

31. On or about July 23, 2019, Landon Butcher was arrested for an alleged domestic assault upon plaintiff to which he later pled to Domestic Assault with Bodily injuries. See Exhibit 28,29.

32. Defendants, who were then law enforcement officers of Grundy County, Tennessee, responded to this "welfare check" not to protect but to fraudulent procure statements and reports while collaborating with each other. While TJ Bean, was under the custody of Federal Officials, as the arresting officer by all material facts concluded that Butcher stated to TJ Bean during transportation to the jail that he and plaintiff had been in a consensual relationship. Attached herewith as exhibits numbered specifically and outlines with hope to show individual manufactured fraudulent evidence entered into reports from these officers. These reports are filled with FRADULENT statements, written by these defendants; individually such as, but not limited to: (a) "…that (plaintiff) had done things she shouldn't have done;" (b) that plaintiff, "…had told (the officers) that (plaintiff) had carried on an improper relationship with Mr. Baker (sic);" (c) that (plaintiff), "…had told Mr. Butcher if didn't leave and give her the phone, she would charge him with rape." (See below for additional). See Exhibit 17,18,19.

33. Clint Shrum, individually and in his capacity as then Sheriff of GCSD, it is believed relevant to material fact that Clint Shrum contacted Plaintiff's employer, TDOC with fraudulent unreliable information procedure from coercion alleging that plaintiff, "was having a sexual affair with one of her supervised probationers, one Landon Eugene Butcher." This information stemmed from TJ Bean (GCSD) coercion of Landon Butcher that once coerced yielded the confession/statement unconstitutional with no consideration to Butcher's reliability.

34. TBI Agent Luke Webb states in his testimony/ transcript during Plaintiff's administrative hearing.

> Question: Who owned the half-way house?
>
> Webb's Answer: Tara and her husband.
>
> Question: And how did you determine that?
>
> Webb's Answer: "That's what everyone had said. I don't have any paperwork determining that."
>
>
> Question: "What was Mrs. VanHooser's attitude about…"
>
> Answer: Mrs. VanHooser was under the impression that because Landon was not her probationer that the sexual contact was okay. [Evidence shows Plaintiff did not knowingly nor with intent commit criminal act via TBI Agent Webb's own words.]See Exhibit 1.

12

35. Summary of TJ Bean's references:

July 24, 2019 Grundy County Sheriff Office Incident Report

Reporting Officer TJ Bean (516) on 07/24/19

Approving Officer Clint Shrum (501) on 07/25/19

- Sober Living/Half-way house. See above TBI Agent Luke Webbs testimony regarding verification of so called "sober living/half-way" house. [Operation of such was not verified but through hear-say].

- Plaintiff did not tell the Officer's what to do such as, "we may as well do domestic charge."

- TJ Bean clearly states "VanHooser could not have the phone till ownership was proven." [Phone was seized. Receipt was taken to the jail the next day after because TJ Bean told her to go to GCSO. Plaintiff wrote a statement. Statement that has not surfaced and specifically reported how Landon Butcher had verbally threatened to "put Plaintiff in a garbage bag along with other verbal and destructive acts to Plaintiff's properties."]

- Bean report states, "On the way to the jail Mr. Butcher made a comment that him and Ms. VanHooser had been engaging in a sexual relationship and had been for past few months." [This statement when reviewing documents was only stated in the presence of TJ Bean as the two (Butcher and Bean) were traveling in patrol car.]

- The report states, "I then arrived at the jail and [Unidentified Corrections Officer] got Mr. Butcher out of the car. Mr. Butcher said, "I hit that bitch, I popped that bitch right in the mouth and the pussy was no good no way." Mr. Butcher was then took in the jail and booked on charges." [No mention of King being present to hear Butcher's statement.] See Exhibit 9-10 attached to this compliant for complete report.

13

36. Summary of Avery McGinness references:

July 24, 2019 Grundy County Sheriff Office Incident Report

Reporting Officer (at top) Avery McGinness (505) on 07/25/19

Reporting Officer (at bottom) TJ Bean (516)

Approving Officer Clint Shrum (501) on 07/25/19

- "Looking at the window on Taras car after she stated that Landon had busted it."

  [This statement can be found in Plaintiff's report that Bean's also references but has not been provided.]

- I then drove to the jail and SGT Bean and transported him.

  The jail was aware of an irate inmate coming in and met us in the sally port. Captain King had gotten Landon out of the car, and he stated he was calmed down. He had stated in front of the patrol car to the correction and Captain King, "I popped that bitch right in the mouth."

  [This report places King near the sally port/vehicle.]

  We then walked him into the booking area where he stated, "Her pussy wasn't that good anyways." Landon had calmed down."

  [According to this report the Unidentified Corrections Officer and Josh King heard Landon Butcher's statement. However, Bean's report does not mention that King heard the statement. Furthermore, Bean's report says Butcher's statements were made when Butcher exited the vehicle.] See Exhibit 11.

14

37. Summary of Josh King references:

July 23-24, 2019, Grundy County Sheriff Office Incident Report

Reporting Officer (at top) Josh King (507) on 07/25/19

Reporting Officer (at bottom) TJ Bean (516)

Approving Officer Clint Shrum (501) on 07/25/19

- "07-23-19… I heard radio traffic of a suspect deputies were having trouble with. I responded to the rear of the jail to help with the inmate."

  [King verifies he heard radio information to the jail to get the lock down chair ready for arrival. King's statement and Official's text message attached, both, verify that Bean did in fact threaten the use of the chair to lock Landon Butcher down for 12 hours or comply.]

- "07-24-19… VanHooser showed a receipt where she purchased the phone…tried several times to talk about the case…Mrs. VanHoosier told myself and Sgt. Larry Sims that she had carried on a improper relationship with Mr. Baker but didn't get into details… Mrs. VanHoosier also told us that she had told Mr. Butcher if he didn't leave and give her the phone she would charge him with rape…The District Attorney was contacted and a TBI investigation was requested. TBI Agents responded and interviewed Mr. Baker on 07-24-2019."

  [This report shows fraudulent statements/evidence submitted by King for appearance of implicating that VanHooser admitted to wrongs doings and added a threatening statement alleging she threaten to charge Butcher with rape. But that she didn't go into detail?

15

Plaintiff never said these statements and such statements are not found within any discovery documents other than King's report.]

These statements are mentioned as if Plaintiff was upset over $100 phone that had NO evidence on it despite TBI Agent pulling text and saying there was text between Plaintiff and Butcher. When in fact, the extracted text document (attached to this compliant) will prove NO text of a sexual nature between VanHooser and Butcher was extracted on Plaintiff's seized phone and therefore is not within discovery. Although the extraction of the phone between Butcher and another was extracted. See Exhibit 13.

[The Unidentified Corrections Officer is NOT mentioned as hearing the statements in this report. According to this report both King and Sims witnessed Plaintiff make statement implicating guilt when in fact Plaintiff did not admit to any wrongdoing. Which most of the discovery reports that Plaintiff felt she did nothing wrong. Both Defendants manufactured false statements that VanHooser allegedly stated to them although King and Sims' reports are not very similar in regard to detail despite them both being present.] See Exhibit 13.

38. Summary of Larry Sim references:

July 24, 2019 Grundy County Sheriff Office Incident Report

Reporting Officer (at top) Larry Sims (506) on 07/25/19

Reporting Officer (at bottom) TJ Bean (516)

Approving Officer Clint Shrum (501) on 07/25/19

16

- "In regards to some accusations and statements that were made by the arrestee… Mrs. VanHooser then began making statements that she had done nothing wrong because the arrestee was not one of her probationers… she continued to talk and stated she has done things she shouldn't have done…this is all that I can recall that she said that would have any effect on the case."

[This report shows fraudulent manufactured statement/evidence made by Sim's implicating VanHooser made a statement confessing her actions as wrong. Which is false and not consistent with the truth.] See Exhibit 12.

39. July 31, 2019 Tennessee Bureau of Investigation Request for Investigation

Type of Violation & Date: Official Misconduct

Subject: Tara VanHooser

Victim: Landon Butcher

SYNOPSIS OF FACTS:

- "Subject is employed by the State of Tennessee as a probation officer. Victim is on probation for a DUI out of Grundy County. Subject and victim got into an altercation on the night of Tuesday, July 23, 2019. Victim was arrested for domestic assault. Victim claimed that he and subject were involved in a sexual relationship. This case was orally predicated on July 24, 2019." See Exhibit 34.

[How does Butcher's statement admitting consensual relationship equate to illegal, harmful, or unlawful conduct to which he is named as victim.]

40. 01/15/2020 Landon Butcher pled to case 6291 in Grundy County Circuit Court to Domestic Assault w/ Bodily Injury (upon Plaintiff) and received 11m 29 days. See Exhibit 28-29.

41. Summary of TBI Luke Webb & Hunter Locke's references:

TN Bureau of Investigation Investigative Report

Activity Date: July 24, 2019

IR #9 page 1

Activity Date: 07/24/2019

Report Date: 08/05/2019

- "Brief synopsis of said statement and is not verbatim…for the full statement please refer to the recording. Butcher stated that he had been staying at "Sober Living" since March 2019. Tara VanHooser owns and operates "Sober Living" [The "sober living" that TBI Webb failed to verify and reports during administrative hearing testimony that he concluded "sober living" ownership through hear-say "as that's what everyone had said." See Exhibit 1]. See Exhibit 35.

IR #13 page 1

Activity Date: 08/05/2019

Report Date: 08/05/2019

- "Landon stated to the arresting officers TJ Bean and Avery McGinness that he and Tara had been in a sexual relationship for some time… Officers Bean, McGinness, Sims and King all provided reports relating to the incident that occurred on July 23

18

and 24." [No supplemental report from GCSO states that Landon stated to Avery McGinness nor that McGinness overheard Landon's statement. All Officers mentioned in this report actually provided supplemental reports of what TJ Bean heard. Avery McGinness was added as a witness to present the Superceding indictments to the Grand Jury when in fact he had no first hand/particular knowledge.]

IR #13 page 2

- "When he arrived there. Tara was going to leave her husband and marry Landon [not true]. Tara and Russell Mainord (attorney via speaker phone) both stated during the conversation that because Landon was not assigned to Tara that the relationship was acceptable and that Tara had done nothing wrong. [Butcher has never been ordered to the authority of Tennessee Department of Corrections.]See Exhibit 14.

42. Summary of Dispatch page 1-2:

Activity Date: July 23, 2019 at 23:27:47

- Caller states they are Tara's sister.
- Welfare Check
- Caller advised her sister accidentally called her and she could hear screaming and yelling in the background.
- One in custody
- Chair because subject is combative. See Exhibit 17,18.

43. Summary of phone extraction (dump):

- #1 is between 743-3172 (Landon) and 841-6065 (not Tara)

- #2 is between 235-9392 (Tara) and 743-3172 (Landon) See Exhibit 20.

44. Summary of District Attorney General Mike Taylor's Letter:

09/24/2019

- "It was alleged that Ms. VanHooser-Prater was having a sexual affair with one of her supervised probationers, one Landon Eugene Butcher." [Seems as thou it cannot be decided between all on what was actually truly reported in order to legally justify said seizure, search or initiation to prosecute Plaintiff. It seems each individual has their own version. Witnesses legal name is Landon Wayne Butcher not Eugene as falsely reported and/or manufactured.]

- "It does not appear that this action (relationship) is in violation of the Specific Statute which prohibits this activity but would POTENTIALLY violate the Official Misconduct Statute." [Despite not having accurate probable cause and fraudulently manufactured evidence].See Exhibit 21.

45. Summary of Officials viewing of TJ Bean's bodycam upon arrest of Butcher on 07/23/19:

Plaintiff is not comfortable releasing officials name here in a public document due to safety concerns but will provide name at appropriate timing to Honorable Judge.

09/04/2019

- "Said that he slapped you with no Miranda and after he <u>already been threatened to be</u> <u>beat up by one officer and then TJ on the way said he would put him in a chair for</u> <u>twelve hours." See Exhibit 5.</u>

I. **Malicious Prosecution:** In violation of plaintiff's 4th amendment right to be free of unreasonable seizures, as incorporated into Tennessee jurisprudence by the 14th Amendment to the United States Constitution. In Sykes v. Anderson, 625 F3d 294 (6th Cir.2010). The sixth circuit articulated elements of a 1983 claim for malicious prosecution as follows:

1. Criminal prosecution was initiated against plaintiff, and the defendants made, influenced, or participated in the decision to prosecute.

   [Each defendant individually and unlawfully added fraudulent statements within their supplemental report in order to attain the inclusive presence of probable cause by "implying Plaintiff admitted to guilt" when she did not make the alleged statements to the Defendants.]

2. There was a lack of probable cause for the criminal prosecution.

   [Plaintiff only maintained authority to Tennessee Department of Corrections Offenders who were currently on supervision or released from supervision for less than 1 year currently on her supervision per statue. See Ex 3. Plaintiff had no custodial or legal authority over TJ Beans witness, Landon Butcher, which is basis to Official Misconduct charge which Plaintiff was charged]. See within document for full list of lack of probable cause concerning fraudulent manufacturing evidence, coercion, and such.

3. Plaintiff suffered a deprivation of liberty as understood under 4th Amendment jurisprudence apart from initial seizure and.

[Although not an exhaustive list, Plaintiff's deprivations are listed below]

4.  The criminal proceeding was resolved and dismissed as listed above in the Plaintiff's favor establishing the merits of Plaintiff's claim of malicious prosecution.

    [Indictments charged against Plaintiff were dismissed in Grundy Circuit Court on or about 10/30/20.]


II. **Wrongful Arrest and False Imprisonment**:  Defendants individually participated in violating the Plaintiff's rights and protections under the 4th and 14th amendment which covers police misconduct. Whereas seizures are covered by 4th amendment the courts may also fall back to the protection of the14th amendment.

The Fourth Amendment prohibits unreasonable searches and seizures without a warrant, law enforcement must obtain a warrant when a search would violate a person's "reasonable expectation of privacy. Baldwin, 114 Fed Appx. At 679. The extant question is whether the totality of the circumstances of these present specific, articulable facts gave rise to a reasonable suspicion that plaintiff was engaged in criminal activity so as to permit the search and seizure that occurred.

Plaintiff's "reasonable expectation of privacy" was violated as she was not intentionally or knowingly aware that any criminal matter was alleged prior to questioning neither is she aware of any law that deems her consensual private relationship within the realm of government interference concerning Non TDOC offenders.  According to Plaintiff's then employer "no restriction existed among non-TDOC offenders."

The Fourth Amendment also requires that warrants be supported by probable cause and described with particularity to which Plaintiff's 4 Dismissed Indictments (2 Originals and 2

22

Superseding) lacked accuracy and were based on fraudulent manufactured statements/reports. Neither is the information that is presented in the indictments what is among the investigative discovery documents that would conclude a prudent person with a <u>valid belief to rise to the level of probable cause that Plaintiff committed a crime</u>. Lastly a warrant become constitutionally defected and invalid upon coercion to which Landon Butcher coercion is explained above.

Probable cause applies upon "the <u>FACTS</u> and <u>CIRCUMSTANCES</u> within <u>THEIR</u> (Individual) knowledge, and of which they have <u>REASONABLY TRUSTWORTHY</u> information to warrant a person. In Plaintiff's case the facts and circumstance within each defendant's knowledge did not form upon reasonably trustworthy information. The statements initial alleged to be from Landon Butcher, whom, gave a false name, upon Officer's probing him for information. This statement was told to TJ Bean while he was transporting Landon Butcher to the jail. TJ Bean coerced Butcher through threats of placing Butcher in the lock down chair if he did not cooperate.


**Fabrication of Evidence**:

Within the claim is explanation of how Defendants' deliberatly fabricated evidence, unlawfully seized personal property, searched and proscuttion of the plaintiff despite the fact that they knew that the plaintiff was innocent or was deliberately indifferent to the plaintiff's innocence.

TJ Bean's investigator techniques were so coercive and abusive that he knew, or was deliberately indifferent, that those techniques would yield false information to use to criminally charge and prosecute the plaintiff. "Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. <u>The court held that "there is a clearly established</u>

23

constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Id.* at 1074-75. Imposing a deliberate indifference or reckless disregard for an accused's rights or for the truth standard is appropriate in the substantive due process context. *See Gantt v. City of Los Angeles*, 717 F.3d 702, 708 (9th Cir. 2013); *Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009).

Within hours of Bean being told of consensual relationship by Butcher; TJ Bean was Federally indicted and arrested for "Deprivation of Civil Rights Offense" which at the least should have undermined Bean's trustworthiness to proceed in this case. All Grundy County Sheriff Department reports from defendants against plaintiff are signed by TJ Bean and Clint Shrum on 07/25/19. All while TJ Bean was on Federal bond restrictions, he was Officially working the next day at the Grundy County Sheriff Office. Grundy County along with Grundy County Mayor Michael Brady and then Grundy County Sheriff Clint Shrum was aware or should have been aware that such activity was occurring or lacked policy to prevent such misconduct from occurring which resulted in violation of Plaintiff's Constitutional right to be free from fraudulent government intrusion.

The Fourth Amendment provides safeguards to individuals during searches and detentions and prevents unlawfully seized items from being used as evidence in criminal cases. Law enforcement has an legal obligation to protect Fourth Amendment rights to which an officer may not search or seize an individual or her property unless the officer has a <u>valid belief rising to the level of probable cause that Plaintiff committed a crime</u>, obtained a valid search warrant or a valid arrest warrant to which Defendants did not.

24

Plaintiff's arrest is found to violate the Fourth Amendment because it was not supported by probable cause, was not legally justified, as it was based upon illegal fraudulent reports and statements by each defendant as listed within. Plaintiff was fully aware of the injustice violations of constitutional protections before her. The defendants intentionally seized, searched, and sought prosecution, obtained indictment upon fraudulent evidence while knowingly confining and arresting plaintiff unlawfully and in such a manner, so as to substantially interfere with plaintiff's freedom from criminal charges upon fraudulent fabricated evidence and unlawfully government intrusion, as a direct and proximate result of Defendant's unlawful actions, plaintiff sustained damages as listed below.

Whereas a defect of coercion renders warrants constitutionally invalid. Unlawful acts of violating constitutional rights of the plaintiff and the citizens is clearly an established right found within the protections of the Fourth and Fourteenth Amendment.


**Application of Fourth Amendment:**

The legal standards derived from the 4th Amendment provide constitutional protection to individuals in the following situations, among others:

- An individual is stopped for police questioning

  (Plaintiff's case: Seizure of Plaintiff and search was initiated and continued without evidence of trustworthy accurate special circumstances).

- An individual is arrested.

  (Plaintiff's case: Plaintiff was arrested for Official Misconduct.)

- Police officers enter a place of business to search for evidence of crime.

25

(<u>Plaintiff's case:</u> Plaintiff's employer TDOC (Officials) were contacted by then Grundy County Sheriff Clint Shrum as he searched for evidence without accurate special circumstances).

- Police officers confiscate an individual's property.

(<u>Plaintiff's case:</u> Plaintiff's cell phone) and place it under police control.

- An unlawful search, seizure, arrest is found to be in violation of Plaintiff's Fourth Amendment when no true or accurate special circumstances justified the search, as in Plaintiff's case search was initiated upon deliberate fraudulent information "<u>having a sexual affair with one of her supervised probationers</u>" (See Exhibit 21 DA Letter to TDOC Helton). No statement exist in these Defendants' reports regarding whether Butcher was on Plaintiff's supervision or supervision of Plaintiff's employer, TDOC. Supplemental reports with fraudulent information that was manufactured by Defendants for the appearance of probable cause of "custodial authority" in order to unlawfully pursue warrants against Plaintiff. All while verification of Plaintiff's "custodial authority or lack of custodial authority" could have been easily verified with a quick TOMIS search (via phone call to TDOC). Any evidence obtained through that unlawful means, such as a coerced or manufacturing of fraudulent statements/reports, will be kept out of the case. (Note there is no evidence of any allegations from Landon Butcher other than the alleged statement admitting a consensual relationship to TJ Bean while being transported to the jail and while being threatened to be placed in lock down chair for solid 12 hours. Then basically the same statement was spread among reporting Defendant Officers.)

26

- A unreasonable initiation of prosecution thus custodial seizure of plaintiff for investigational probing, without Plaintiff's knowledge of questioning being for prosecution of criminal matter instead of administrative purposes to which if Plaintiff declined to participate in questioning would have been against TDOC policy, and said continuous investigation to produce prosecution against plaintiff upon fraudulent reports while omitting known facts did not have sufficient evidence to continue search and seizure among other agencies without a warrant all in violation of Plaintiff's "reasonable expectation of privacy". Law enforcement must obtain a warrant when a search would violate a person's "reasonable expectation of privacy" that shields and protects private consensual relationships from unlawful governmental intrusion.

III. **Intentional Infliction of Emotional Distress:** The defendants through unconstitutional acts above acted intentionally and recklessly, in a manner which is so outrageous that it would not be tolerated by civilized society, ultimately resulting in serious mental injury and anguish to the plaintiff, and damages to plaintiff, as shall be more fully set forth above.

III. **Defamation (Common Tort Laws):**

Plaintiff's fraudulent charges were presented statewide in the media and local newspaper. Where a defamatory statement accompanies a person's discharge from a job and makes it virtually impossible to obtain employment in that same field, the plaintiff may then have a cognizable claim (Spiegel v Rabinowitz, 121 F3d 251 255 (7th Cir. 1997).

27

**47. Damages:** Plaintiff incorporates above of the premises to this Complaint, as a direct and proximate result of the intentional, reckless and/or negligent conduct of the defendants, jointly and severally, she sustained the following damages:

(a) A loss of present wages and earning capacity in the sum of $ 35,000.00

(b) A loss of future wages and earning capacity in the sum of $ 55,000.00

(c) Severe mental anguish, pain and emotional distress.

(d) Loss of the enjoyment of her life, particularly the loss of her liberty and freedom.

(e) Statutory attorney's fees, and such discretionary ( cost of defending criminal charges and other costs as allowed by statute.

(f) Humiliation, harassment, and damages to plaintiff's good reputation due to fraudulent charges were distributed statewide.


Plaintiff has suffered great harm and injury to her freedom, life, mental and physical security. Plaintiff currently is not able to function properly for employment. She endures restricting mental health concerns that requires medication daily. Plaintiff was a very high-function goal-oriented person prior and is barely able to function daily in comparison. Plaintiff will not be able to hold the same profession due to these fraudulent procured reports, evidence, charges, and arrest and media reports. The cost to defend these fraudulent procured charges has been devasting and estimate of over $50K just in defense cost. Plaintiff has endured harassment to include sexual harassment due to the nature of charges as presented in media coverage. Plaintiff has difficulty concentrating and focusing; this is not an exhaustive list of deprivations, due to Plaintiff's level of functioning and struggling even while completing this document, deprivations are to difficult for plaintiff to fully list.

Within are facts that each defendant made, influenced, and/ or participated in the decision to violate Plaintiff's established constitutional rights as they manufactured fabricated evidence to obtain false narrative in order to initiate fraudulent prosecution against plaintiff. Defendant's falsely creating the appearance of probable cause that otherwise did NOT exist prior to or without each defendant's unconstitutional fraudulent acts found in Defendants' supplemental reports and involvement to prosecute Plaintiff. Courts have held that such evidence may not be used to prosecute or convict an individual. *Cole v. Carson*, 802 F.3d 752, 768 (5th Cir.2015) ("a victim of intentional fabrication of evidence by officials is denied due process when he is either criminally charged, prosecuted based on fabricated evidence convicted or acquitted"). All acts against plaintiff ultimately not to assist in ensuring Plaintiff's innocence but to damage Plaintiff by means of false arrest and malicious prosecution for Official Misconduct. <u>The prosecution was initiated and continued upon fabricated evidence, fabricated affidavits, coercion and fraudulent statements and reports of fabricated patently false evidence.</u> Nevertheless, TJ Bean (GCSD) forwarded the unconstitutional defected statement within the GCSD to then Sheriff Clint Shrum, Deputy Larry Sims, Deputy Josh King, and Deputy Avery McGuiness (none of whom are currently employed with the GCSD) or who truly witnessed confessional statement between Butcher and Bean. These individual acts committed only to harm and initiate the malicious prosecution that ensued against Plaintiff cause great deal of unnecessary distress and hardship.

WHEREFORE, plaintiff demands judgment in the sum of $4 Million in compensatory damages and punitive damages, or sum the jury finds appropriate plus damages for her reasonable attorneys' fees and costs, including such discretionary expenses as may be awarded by the Court.

Plaintiff demands a jury to try this case.

**TARA VANHOOSER,** says that the facts set forth in the foregoing document are true, to the best of her knowledge, information and belief. This _9th_ day of _September_ 2022.

Tara VanHooser
P.O. Box 360
Altamont, Tn 37301
931-235-9392
Tarav_1@yahoo.com